**UNITED STATES of America**

v.

**Miguel GARCIA FERNANDEZ, et al.**

**Crim. No. 86–452–1.**

United States District Court,
E.D. Pennsylvania.

Feb. 18, 1987.

Carlos Martir, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Linda Carroll, Miami, Fla., for defendants.

### MEMORANDUM

NEWCOMER, District Judge.

I have before me defendant's motion for severance. The defendant has been indicted along with three other defendants for conspiracy to distribute cocaine and distribution of cocaine. Following his arrest, co-defendant Edson Cardenas stated to the authorities [1] that "I had driven to Philadelphia in the Ford Econoline Van with defendant Miguel Garcia-Fernandez from Miami." Defendant argues that introduction of this statement at a joint trial would deny Garcia Fernandez his right to confront witnesses against him, as guaranteed by the Sixth Amendment. Defendant also contends that trial should be severed pursuant to Fed.R.Crim.P. 14. Defendant's motion will be denied.

---

1. The memorandum submitted by the Government in opposition to the motion for severance attributes this remark to Thomas Hugo Lopez, another of the codefendants under this same indictment. Even if the movant incorrectly identified the declarant, there would be no effect on the application of legal principles to circumstances described in the motion.

*Confrontation Clause*

■ In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), during a joint trial with a co-defendant Evans, the District Court admitted an oral confession by Evans to be introduced into evidence. The Evans confession implicated both defendants. Evans did not testify at trial. The Court instructed the jury that, while the confession was admissible against Evans, it was inadmissible hearsay as to Bruton, and should not be considered against him. Both defendants were convicted. The Supreme Court reversed as to Bruton, holding that the instruction to disregard the incriminating confession as to Bruton was not adequate to protect Bruton's right to confront witnesses against him. *Id.* at 126, 88 S.Ct. at 1622. As the Court wrote:

> We hold that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extra judicial statements in determining petitioner's guilt, admission of Evans' confession in this joint trial violated [Bruton's] right of cross-examination secured by the Sixth Amendment.

*Id.*

The government concedes that the introduction of the extra judicial statement in this case would violate *Bruton*. However, the government seeks to avoid the problem by redacting the statement to delete the reference to the non-confessing defendant, Mr. Garcia Fernandez. Such a procedure has been employed and approved by numerous courts including the Third Circuit and the Eastern District of Pennsylvania. *See United States v. Segal*, 534 F.2d 578, 583 (3d Cir.1976); *United States v. Borish*, 452 F.Supp. 518, 524 (E.D.Pa.1978). *See also United States v. Brooklier*, 685 F.2d 1208, 1218 (9th Cir.1982); *United States v. Danzey*, 594 F.2d 905, 919 (2d Cir.) *cert. denied*, 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979); *United States v. Craig*, 573 F.2d 455, 480 (7th Cir.1977). Redaction is an

appropriate way to deal with problems of incriminating statements by a codefendant or other witness who will not testify at trial, so long as the statement as introduced does not implicate the non-declarant defendant. *See Hodges v. Rose*, 570 F.2d 643, 646–47 (6th Cir.1978).

The out of court statement at issue here, attributed by Garcia Fernandez to codefendant Edson Cardenas, is: "I had driven to Philadelphia in the Ford Econoline Van with defendant Miguel Garcia Fernandez from Miami." The government proposes to redact that statement so that it reads as follows: "I had driven to Philadelphia in the Ford Econo Line Van from Miami." Because the redacted statement in no way implicates any codefendant, any need for severance on account of that statement will be obviated. *Fed.R.Crim.P. 14.*

Garcia Fernandez also seeks severance pursuant to Rule 14,[2] which states in pertinent part:

> If it appears that a defendant ... is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trial of counts, grant a severance of defendants or provide whatever other relief justice requires.

Rule 14 must be read in light of Rule 8(b), which specifically envisions joinder in cases of common criminal conduct. Rule 14 provides for severance or other relief only "[i]f it appears that a defendant ... is prejudiced" by the joinder.

■ The purpose of the liberal joinder provisions contained in the Federal Rules of Criminal Procedure is to conserve judicial and prosecutorial resources by avoiding multiple trials. *United States v. Niederberger*, 580 F.2d 63, 66 (3d Cir.), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). These goals apply with particular vigor when the evidence presented at subsequent trials would be duplica-

---

**2.** By moving under Rule 14, defendant apparently concedes that joinder was proper as an initial matter under Rule 8(b). Rule 8(b) states that "Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."

tive of the original trial. *Id.* at 67. Joinder is particularly appropriate where, as here, codefendants are alleged to have conspired together. *See United States v. Somers,* 496 F.2d 723, 729–30 (3d Cir.1974).

Because joinder was proper under Rule 8(b), I must now consider Garcia Fernandez' claim of prejudice resulting from that joinder, which he asserts requires severance.

> The grant of severance is a matter within the discretion of a trial court and involves the balancing of a number of considerations. Foremost of these is prejudice to the defendant. That, however, should be real, not fanciful. It must be considered together with the desirability of joint trials, particularly those involving a legitimate conspiracy count.

*Segal, supra,* 534 F.2d at 583. The disposition of a severance motion is within the sound discretion of the district court. *Somers,* 496 F.2d at 730. The defendant bears a very heavy burden of demonstrating clear and substantial prejudice in order to require severance. *Id.; see also Niederberger, supra,* 580 F.2d at 66.

Here, defendant states that "the defendants have mutually antagonistic defenses. Defendant Cardenas will surely allege that he knew nothing about cocaine secreted in the automobile that he was driving. Indeed, Cardenas has already attempted to divert suspicion from himself to Miguel Garcia Fernandez by his post-arrest statement." Memorandum of Law at 3.

As a general proposition, a court has the duty to sever the trials of codefendants with mutually antagonistic defenses if severance is necessary to preserve each defendant's right to a fair trial. *United States v. Aguiar,* 610 F.2d 1296, 1302 (5th Cir.), *cert. denied,* 449 U.S. 827, 101 S.Ct. 91, 66 L.Ed.2d 31 (1980); *United States v. Van Horn,* 789 F.2d 1492, 1505 (11th Cir. 1986). However, antagonistic defenses are sufficiently prejudicial only when irreconcilable and mutually exclusive. *United States v. Provenzano,* 688 F.2d 194, 198 (3d Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982). Hostility among defendants is not enough to require severance. *United States v. Barber,* 442

F.2d 517, 530 (3d Cir.), *cert. denied,* 404 U.S. 846, 92 S.Ct. 148, 30 L.Ed.2d 83 (1971). Furthermore the defendant's assertion of mutually antagonistic defenses must be grounded in fact, and not just in speculation.

Here, Mr. Fernandez has not demonstrated that severance is required to preserve his right to a fair trial. The most that can reasonably be made from his argument is that a codefendant will deny involvement, and by implication suggest that others charged—including the movant—were involved. While such a condition may perhaps be characterized as hostility among defendants, it is certainly no more without any knowledge of the defense to be advocated by the movant and his codefendants. I am unable to conclude that the defenses will be mutually exclusive. In light of the commonality of proof, and the public's interest in judicial economy, I am unwilling to speculate to that effect.

An appropriate Order follows.

### ORDER

AND NOW, this 18th day of February, 1987, it is hereby Ordered that defendant's motion for severance is DENIED.

AND IT IS SO ORDERED.