UNITED STATES of America,
Plaintiff-Appellee,

v.

Teretha HERMON, Defendant-Appellant,

and

UNITED STATES of America,
Plaintiff-Appellee,

v.

Betty Collins HART and Willie Hart,
Defendants-Appellants.

Nos. 86–1326, 86–1667 and 86–1668.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 19, 1987.

Decided May 6, 1987.

Robert S. Bailey, Chicago, Ill., for defendants-appellants.

James P. Fleissner, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before COFFEY, RIPPLE and MANION, Circuit Judges.

RIPPLE, Circuit Judge.

In these consolidated appeals, we are asked to review the determination of the district court that 18 U.S.C. § 1010 proscribes, *inter alia*, the making of fraudulent statements for the purpose of obtaining rent subsidies administered by the Department of Housing and Urban Development (HUD or Department). The district court ruled that such statements were within the ambit of the statute. For the reasons set forth in the following opinion, we agree with the district court and, accordingly, affirm the judgments of conviction.

I

The facts necessary to the disposition of this appeal may be stated briefly. Appellants Willie Hart and Betty Collins Hart were indicted for violating 18 U.S.C. § 1010 by making false statements to HUD in connection with their original application for a rent subsidy and for subsequent recertifications of eligibility for that subsidy. At the close of evidence, the defendants made a motion for judgment of acquittal on the ground that section 1010 does not proscribe the making of false statements in connection with applications for rent subsidies. In their view, the statute's proper scope is limited to statements made in the course of loan transactions with the Department. The district court denied the motion in a memorandum opinion. The court noted that the language of the statute proscribed fraudulent acts undertaken "for the purpose of influencing in any way the action of" the Department. This language, concluded the district court, operates as a general catch-all phrase that crim-

inalizes acts not covered by the preceding language of the section.

Appellant Hermon also was charged with violating section 1010 by making false statements to HUD for the purpose of re-certification of eligibility for a rent subsidy. In her case, a motion for judgment of acquittal based on the same ground as that urged by Mr. and Mrs. Hart was denied orally by the district court.

## II

### A.

In construing a statute, we must, of course, begin with the text of the statute. Section 1010 reads as follows:

§ 1010. Department of Housing and Urban Development and Federal Housing Administration transactions

Whoever, for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Department of Housing and Urban Development for insurance, or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by such Department, or the acceptance, release, or substitution of any security on such a loan, advance of credit, or for the purpose of influencing in any way the action of such Department, makes, passes, utters, or publishes any statement, knowing the same to be false, or alters, forges, or counterfeits any instrument, paper, or document, or utters, publishes, or passes as true any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income, shall be fined not more than $5,000 or imprisoned not more than two years, or both.

In our view, the clear and unambiguous language of the statute allows prosecutions based on false statements not relat-

ed to loan transactions. The statute proscribes the making of false statements to HUD for three purposes. These three purposes are set forth in the disjunctive in the statute:

1) for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Department of Housing and Urban Development for insurance,

2) or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by such Department, or the acceptance, release, or substitution of any security on such a loan, advance of credit,

3) or for the purpose of influencing in any way the action of such Department, makes, passes, utters, or publishes any statement, knowing the same to be false, or alters, forges, or counterfeits any instrument, paper, or document, or utters, publishes, or passes as true any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income.

### B.

In a frank and comprehensive brief, appellants offer several arguments that, in their view, require that we read the statute as inapplicable to the conduct charged in these indictments—fraudulent statements in connection with rent subsidy applications. We turn now to an examination of these submissions.[1]

First, appellants stress that this statute has most often been applied with respect to fraudulent loan transactions. *See, e.g., United States v. Jenkins,* 785 F.2d 1387 (9th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 192, 93 L.Ed.2d 125 (1986); *United States v. Tremont,* 429 F.2d 1166 (1st Cir.), *cert. denied,* 400 U.S. 831, 91 S.Ct. 63, 27 L.Ed.2d 63 (1970); *Ross v. United States,* 180 F.2d 160 (6th Cir.1950); *Hartwell v.*

---

**1.** We have found the statutory language clear and unambiguous. Resort to the various can-

nons of statutory construction suggested by the appellants is therefore inappropriate.

*United States,* 107 F.2d 359 (5th Cir.1939) (prosecution under 12 U.S.C. § 1731(a), which was later recodified as 18 U.S.C. § 1010). They also point out that the conduct at issue here, making fraudulent statements with respect to rent subsidy applications, is punishable under another section of the criminal code, 18 U.S.C. § 1001.[2] The certification form used by HUD, they note, warns the applicant that false statements are punishable under section 1001 but gives no similar warning with respect to section 1010. Finally, the appellants point out that a third section of the criminal code, 18 U.S.C. § 1012, makes the conduct at issue here a misdemeanor. We should not assume, urge the appellants, that the same conduct is punishable as a felony under section 1010 and as a misdemeanor under section 1012.[3]

■ None of these arguments has merit. While section 1010 appears to have been used most frequently in connection with fraudulent statements made in the procurement of loans, we find no reason to limit artificially the ambit of the statute to that particular situation. *See United States v. Black,* 644 F.2d 445, 447, *modified,* 651 F.2d 392 (5th Cir.1981) (false statements in monthly reports of managing agent to HUD); *see also United States v. Borish,* 452 F.Supp. 518 (E.D.Pa.1978) (false state-ments to HUD in monthly Brokers Report of Disbursements); *United States v. Austin,* 387 F.Supp. 540, 541–42 (M.D.Pa.1974) (false invoices to HUD for flood relief work performed). Certainly, it cannot be argued—nor do we understand the appellants to make such an argument—that there is a long-standing interpretation of the statute by the agency charged with its administration that requires that only loan transactions be considered within the statute's ambit.[4] Nor do we find it surprising, and certainly not controlling, that the same conduct is proscribed by several statutes. Overlapping provisions of the criminal code are hardly uncommon. Where an act violates more than one section of the criminal code the government may choose to proceed under any applicable section. *United States v. Batchelder,* 442 U.S. 114, 123–25, 99 S.Ct. 2198, 2203–05, 60 L.Ed.2d 755 (1979). While it was not obliged to do so, *see United States v. Gilliland,* 312 U.S. 86, 95, 61 S.Ct. 518, 523, 85 L.Ed. 598 (1941), here the government chose to proceed under a provision that carried a lower maximum penalty than one of the two alternates.[5]

### Conclusion

The statute is clear and unambiguous. It proscribes the conduct charged in the

---

2. § 1001. Statements or entries generally

    Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both. 18 U.S.C. § 1001.

3. § 1012. Department of Housing and Urban Development transactions

    Whoever, with intent to defraud, makes any false entry in any book of the Department of Housing and Urban Development or makes any false report or statement to or for such Department; or

    Whoever receives any compensation, rebate, or reward, with intent to defraud such Department or with intent unlawfully to defeat its purposes; or

    Whoever induces or influences such Department to purchase or acquire any property or to enter into any contract and willfully fails to disclose any interest which he has in such property or in the property to which such contract relates, or any special benefit which he expects to receive as a result of such contract—

    Shall be fined not more than $1,000 or imprisoned not more than one year, or both. 18 U.S.C. § 1012.

4. As the appellants themselves acknowledge, the fact that the warning on the certification form is limited to section 1001 is "a minimal indication of administrative practice." Appellants' Br. at 11.

5. For the same reason, it was not necessary for the government to proceed under the available misdemeanor statute, 18 U.S.C. § 1012. *See United States v. Brown,* 482 F.2d 1359, 1360 (9th Cir.1973).

indictment. Accordingly, the judgments of the district court are affirmed.

AFFIRMED