UNITED STATES of America

v.

**Robert Baer COHEN and Reynold Yannessa.**

**Crim. No. 77–458.**

United States District Court,
E. D. Pennsylvania.

Feb. 10, 1978.

**1316**

David W. Marston, U. S. Atty., Peter J. Smith, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Donald J. Goldberg, Philadelphia, Pa., for Cohen.

Joseph M. Fioravanti, Philadelphia, Pa., for Yannessa.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Defendants Robert Baer Cohen ("Cohen") and Reynold Yannessa ("Yannessa") are charged in a twenty-count indictment with fraud, extortion and racketeering in the selection of architects by the School Board of Bensalem Township for work completed in that school district. The first thirteen counts of the indictment charge Cohen, attorney for the School Board, and Yannessa, a School Board member, with violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and a series of other crimes[1] which constitute the pattern of racketeering activity necessary for the RICO charges. Counts fourteen and fifteen of the indict-

ment charge Yannessa separately and allege that he made false declarations before the federal grand jury, in violation of 18 U.S.C. § 1623. Counts sixteen through eighteen of the indictment charge Yannessa separately and allege that he filed three United States income tax returns containing false statements, in violation of 26 U.S.C. § 7206(1). The last two counts of the indictment charge Cohen separately and allege that he filed two United States income tax returns containing false statements, in violation of 26 U.S.C. § 7206(1).

Presently before the Court are: Cohen's motion for a severance of counts fourteen through twenty of the indictment, pursuant to Fed.R.Crim.P. 12(b)(2) and 8(b); Cohen's motion for relief from prejudicial joinder by severing counts fourteen and fifteen of the indictment, pursuant to Fed.R.Crim.P. 12(b)(5) and 14; Yannessa's motion to suppress his grand jury testimony, pursuant to Fed.R.Crim.P. 12(b)(3); and, Yannessa's motion to dismiss the first three counts of the indictment, pursuant to Fed.R.Crim.P. 12(b)(2). For the reasons stated below, each motion will be denied.

*Motions for Severance*

■ Fed.R.Crim.P. 8(b) provides that two or more defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions which constitute an offense or offenses. The rule also provides that defendants may be charged in one or more counts together or separately and that all of the defendants need not be charged in each count of the indictment. Severance is not required where the indictment charges that the offenses joined constitute a single series of acts or transactions. *United States v. Somers*, 496 F.2d 723, 730 (3d Cir.), *cert. denied*, 419 U.S. 832, 95 S.Ct. 56, 42 L.Ed.2d 58 (1974).

---

1. In addition to a charge of conspiracy, in violation of 18 U.S.C. § 1962(d), Cohen is charged in counts five through thirteen of the indictment with: obstruction of commerce by extortion and attempted extortion, in violation of 18 U.S.C. § 1951; obstruction of justice, in violation of 18 U.S.C. § 1503; obstruction of a

criminal investigation, in violation of 18 U.S.C. § 1510; and mail fraud, in violation of 18 U.S.C. § 1341. Yannessa is charged in counts two, three, four, six and thirteen with conspiracy, obstruction of commerce by extortion, and the obstruction of a criminal investigation.

Cohen argues that the perjury and income tax charges of counts fourteen through twenty should be severed because the defendants are not alleged to have participated in the same act, transaction, or series of acts or transactions which constitute the offenses charged, as required by Fed.R.Crim.P. 8(b). In response, the Government argues that the alleged perjury and income tax violations arise directly out of the common scheme of racketeering and extortionate activity, thereby allowing joinder of the defendants.

 Separate income tax offenses against individual coconspirators may be joined under Fed.R.Crim.P. 8(b) where, as in this case, the underlying crimes are alleged to have generated the alleged income tax violations. *United States v. Isaacs,* 493 F.2d 1124, 1159 (7th Cir.), *cert. denied,* 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974); *United States v. Roselli,* 432 F.2d 879, 899 (9th Cir. 1970), *cert. denied,* 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971). The alleged tax offenses arise directly out of the pattern of systematic extortion activity because the alleged unreported income on the defendants' United States income tax returns constitutes the proceeds received from defendants' alleged acts of extortion. The tax counts, resulting from defendants' common scheme of racketeering activity, may be proved jointly with the same facts necessary to prove the extortion offenses. The perjury counts against Yannessa are also directly related to the pattern of systematic extortion activity, because Yannessa's appearance before the grand jury was in connection with its investigation into the allegations of illegal activities involving the Bènsalem Township School Board and School District. Yannessa's testimony before the grand jury, which includes allegedly false statements fabricated by Cohen and Yannessa, is closely related to the obstruction of justice and racketeering conspiracy counts of the indictment,

and may be proved jointly by the same facts at trial. The alleged income tax and perjury violations are all part of the same series of acts or transactions, and are properly subject to joinder under Fed.R.Crim.P. 8(b). Therefore, Cohen's motion for severance of counts fourteen through twenty of the indictment, pursuant to Fed.R.Crim.P. 12(b)(2) and 8(b), will be denied.

In the alternative, Cohen argues that the Court should exercise its discretion under Fed.R.Crim.P. 14,[2] which provides relief from prejudicial joinder, by ordering an election or separate trial of the perjury counts against Yannessa. Cohen's claim of prejudice is based upon the premise that the trial jury will discredit in advance any defense presented because of the grand jury's rejection, as evidenced by the perjury counts, of Yannessa's claim of innocence. Further, Cohen argues that the remedial measure of severance of the perjury counts from the indictment would eliminate the risks of an improper trial or ineffective jury instructions. In response, the Government argues that it is unwarranted and speculative to assume that the trial jury would irrationally ignore the fundamental instructions given by the Court.

 Relief from prejudicial joinder pursuant to Fed.R.Crim.P. 14 is within the discretion of the trial court. *United States v. Somers, supra,* 496 F.2d at 730. In *Somers,* the Third Circuit stated that the primary consideration in the court's determination of the existence of prejudice to a defendant is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to the separate defendants in view of its volume and limited admissibility. *Id.,* at 730. Speculation that the trial jury will not follow the instructions of the Court with respect to compartmentalizing the evidence of the perjury counts of the indictment will not justify a severance under Fed.R.Crim.P. 14. *See*

---

2. Fed.R.Crim.P. 14 provides, in pertinent part:
 If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

*United States v. Frumento*, 426 F.Supp. 797, 809–810 (E.D.Pa.1976), *aff'd* 563 F.2d 1083, 1092 n.19 (3d Cir. 1977); *see also United States v. Homer*, 545 F.2d 864, 868 n.11 (3d Cir. 1976), *cert. denied*, 431 U.S. 954, 97 S.Ct. 2673, 53 L.Ed.2d 270 (1977). In an earlier *Frumento* memorandum, we stated the general rule that defendants jointly indicted should be tried together, in the absence of a clear showing that a defendant will be so severely prejudiced by a joint trial that it will in effect deny him the right to a fair trial. *United States v. Frumento*, 409 F.Supp. 143, 144 (E.D.Pa.1976), *aff'd* 563 F.2d 1083, 1092 n.19 (3d Cir. 1977). There has been no clear showing that Cohen will be so severely prejudiced by a joint trial with Yannessa that it will deny Cohen a fair trial. Therefore, Cohen's motion for relief from prejudicial joinder by ordering an election or a separate trial of counts fourteen and fifteen, pursuant to Fed.R. Crim.P. 12(b)(5) and 14, will be denied.

### Motion to Suppress Grand Jury Statements

Prior to Yannessa's appearance before the federal grand jury on September 15, 1977, the Assistant United States Attorney warned Yannessa that Yannessa was a subject of the investigation, that he had the right to remain silent, that anything he said could and would be used against him in other proceedings, that he had a right to be represented by counsel, and that if he could not afford counsel an attorney would be appointed to represent him. These *Miranda* warnings[3] were given to Yannessa both in an office and in the presence of the grand jury prior to Yannessa's testimony. Yannessa had consulted with Cohen, attorney for the School Board of Bensalem Township, prior to Yannessa's appearance before the grand jury, but Yannessa did not retain counsel for assistance during his testimony. However, Yannessa stated during his grand jury testimony that he would need an attorney for advice with respect to a particular line of questioning. The interrogation continued without assistance of counsel, and the Assistant United States Attorney told Yannessa that he would have to answer his questions at that time unless Yannessa invoked one of his constitutional rights.[4] Yannessa did not refuse to answer

---

3. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. The pertinent part of the grand jury examination of Yannessa by the Assistant United States Attorney is as follows:

Q. Did you give Cohen cash or a check?
A. I gave him cash.
Q. Where did you get the cash?
A. I borrowed it.
Q. From whom did you borrow it?
A. A friend of mine.
Q. And who is that friend?
A. I would rather not say at this time. You talked about this in the office out there.
Q. Mr. Yannessa, this is a grand jury proceeding and . . .
A. I understand perfectly, I was on a grand jury once.
Q. Well, then you know that you are testifying under oath and that the penalties for making false statements or lying to the grand jury are extremely serious. You can face a prison term and a substantial fine.
A. Certainly I know that.
Q. Now, you can decline to give the name of the person from whom you borrowed the money on the grounds of one or the other of your constitutional rights.
A. I'm not . . .

Q. Now, you will have to tell the jury where you got the money from.
A. I don't know, I'll have to talk to an attorney. I don't have an attorney. I'll talk to an attorney. If he says I have to answer it, I will answer it.
Q. You are refusing to answer?
A. No, I am not refusing to answer. I have answered everything so far. Let's be fair with one another. You asked me that same question in the office. You didn't tell me that in the office.
Q. I told you . . .
A. You asked me . . . if push comes to shove, I don't know how, but I'll tell you the man that gave me the money.
Q. Well, push has come to shove.
A. I'll have to talk to a lawyer. I said that. I am not represented by an attorney, because I don't feel I need one. I don't have the money to pay for one. If I have to get a lawyer, I will get a lawyer.
Q. Just so that you understand that there is a possibility that you could be brought before a judge on a charge of contempt if you fail to give the information that the jury seeks.
A. I understand perfectly.
Q. Do you choose at this point . . .
A. I choose not to answer, yes, because the man did me a favor and, you know, after all.

the prosecutor's questions, but now moves to suppress his grand jury statements, pursuant to Fed.R.Crim.P. 12(b)(3), and for the discharge of the perjury counts.

Yannessa argues that his inability to consult with counsel, contrary to his request, during the grand jury examination resulted in the denial of his right to due process, his right against self-incrimination, and his right to counsel, as protected by the Fifth and Sixth Amendments to the United States Constitution. In addition to the constitutional grounds, Yannessa urges the Court to exercise its supervisory powers over the grand jury by suppressing Yannessa's testimony because he was not effectively informed by counsel that his Fifth Amendment right against self-incrimination is not waived once some questions have been answered. In response, the Government argues that the warnings given to Yannessa were not deficient because there is no constitutional requirement to warn a grand jury witness. The Government contends that, because Yannessa never asserted his right against self-incrimination, and because Yannessa never indicated any desire to cease answering all questions before consulting with an attorney. there was no deprivation of Yannessa's Fifth and Sixth Amendment rights. Finally, the Government argues that Yannessa's motion should be denied because Yannessa's reluctance to answer the questions occurred at a time in the examination after that testimony which is the subject matter of the perjury counts of the indictment.

With respect to Yannessa's constitutional argument, the United States Supreme Court held in *United States v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976), that the warnings required during custodial interrogation under *Miranda v. Arizona, supra*, need not be given to a grand jury witness called to testify about criminal activities in which he may have been involved. Failure to give the *Miranda* warnings to a putative defendant who appears before a grand jury is no basis for suppressing the declarant's testimony in a subsequent prosecution of the witness for perjury based on such statements. *United States v. Mandujano, supra*, 425 U.S. at 579–580, 96 S.Ct. 1768. The warnings volunteered by the Assistant United States Attorney to Yannessa were more than sufficient to inform him of his rights and responsibilities before the grand jury. *Id.*, at 580, 582 n.7, 96 S.Ct. 1768.

A witness appearing before a grand jury "cannot insist, as a matter of constitutional right, on being represented by his counsel," *Id.*, at 581, 96 S.Ct. at 1779, citing *In re Groban*, 352 U.S. 330, 333, 77 S.Ct. 510, 1 L.Ed.2d 376 (1957), because the Sixth Amendment right to counsel does not attach until criminal proceedings have been instituted against the witness. See *Kirby v. Illinois*, 406 U.S. 682, 688, 96 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Further, a grand jury witness who has retained counsel may not insist upon the presence of his attorney in the grand jury room. *United States v. Mandujano, supra*, 425 U.S. at 581, 96 S.Ct. 1768; Fed.R.Crim.P. 6(d). Yannessa, who was not represented by an attorney at the time of his grand jury appearance, cannot insist, as a matter of constitutional right, on being represented by counsel during his testimony. We find, therefore, no violation of the Sixth Amendment right to counsel.

With respect to Yannessa's alternative argument that the Court exercise its supervisory powers over the grand jury proceedings, we decline to hold that his grand jury testimony should be suppressed. A grand jury witness has an absolute duty to answer all questions, subject only to the exercise of his Fifth Amendment right against self-incrimination. *United States v. Mandujano, supra*, 425 U.S. at 581, 96 S.Ct. 1768. The prosecutor may continue the examination by pursuing other lines of inquiry, even when the grand jury witness asserts his Fifth Amendment right. *Id.*, at 581, 96 S.Ct. 1768. In this case, the Assistant United States Attorney examining Yannessa before the grand jury pursued a different line of questioning after Yannessa indicated his reluctance to answer some questions without the assistance of counsel. The record is clear, in view of the warnings

actually given and Yannessa's knowledge of the subject of the grand jury's general investigation, that Yannessa was aware of the penalties for perjury before the grand jury. *See United States v. Crocker*, 568 F.2d 1049, at 1055–1056 (3d Cir., 1977). Therefore, we will not suppress Yannessa's testimony or discharge counts fourteen and fifteen in the exercise of our supervisory powers on the ground that Yannessa was denied his Fifth and Sixth Amendment rights. Yannessa's motion to suppress his grand jury testimony of September 15, 1977, pursuant to Fed.R.Crim.P. 12(b)(3), will be denied.

*Motion to Dismiss Counts 1, 2 and 3*

Count one of the indictment alleges that Cohen and Yannessa became involved, starting January, 1971, in a pattern of racketeering activity, as evidenced by counts three through thirteen. Count two of the indictment alleges a racketeering conspiracy between Cohen and Yannessa beginning January, 1971, and cites numerous overt acts in furtherance of such conspiracy. Count three of the indictment charges Yannessa in his capacity as a School Board member with obstruction of commerce by extortion, based upon an extortionate demand made in July, 1971, and the resultant payments received between September, 1971, and June, 1973.

■ Duplicity is the joinder, in a single count of an indictment, of two or more separate and distinct offenses. *United States v. Starks*, 515 F.2d 112, 116 (3d Cir. 1975). A count of an indictment is not duplicitous if the alleged acts therein were part of a transaction constituting a single continuing offense. *United States v. Warner*, 428 F.2d 730, 735 (8th Cir.), *cert. denied*, 400 U.S. 930, 91 S.Ct. 194, 27 L.Ed.2d 191 (1970).

Yannessa argues that the first three counts of the indictment are duplicitous because they charge multiple incidents of receiving extortionate payments in the context of each count, thereby failing to provide Yannessa with notice of the charges which he must defend. In response, the Government contends that the entire transaction constitutes one continuous activity, conducted as part of a unified extortionate scheme.

■ We find the first three counts of the indictment are not duplicitous because the alleged acts and payments were part of a transaction constituting the single continuing offenses of racketeering, conspiracy and obstruction of commerce by extortion. None of these separate and distinct offenses were erroneously joined in a single count with another offense, thereby eliminating a finding of duplicity under *Starks, supra*. See, *United States v. Addonizio*, 451 F.2d 49, 60 (3d Cir.), *cert. denied*, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972).

In the alternative, Yannessa argues that the first three counts are duplicitous because the multiple incidents of receiving extortionate payments, in the context of each count, occurred before and after October 20, 1972, the cutoff date for the applicable, five-year statute of limitations. 18 U.S.C. § 3282.[5] Yannessa contends that a general verdict of guilty on any of the first three counts will deprive Yannessa of knowing whether the jury found him guilty of racketeering, conspiracy and extortion before, or after, the applicable statute of limitations. In response, the Government argues that no statute of limitation issue is involved because a portion of the extortionate plan continued into a time period within the five years of 18 U.S.C. § 3282.

■ We find the first three counts of the indictment are not duplicitous, even though certain alleged payments were received prior to the applicable statute of limitations. Payments received in violation of the Hobbs Act, 18 U.S.C. § 1951, which

---

5. The statute of limitations for non-capital offenses is found in 18 U.S.C. § 3282, which provides as follows:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

were the consummation of a single and unified extortionate scheme, present no pertinent issue regarding the limitation of the action if the payments continued into the five-year period. *United States v. Provenzano*, 334 F.2d 678, 684–685 (3d Cir.), *cert. denied*, 379 U.S. 947, 85 S.Ct. 440, 13 L.Ed. 544 (1964). Because it is alleged that payments were received after October 20, 1972, no pertinent issue regarding the limitation of the action is raised.

In summary, the first three counts of the indictment are not duplicitous, because the separate and distinct offenses have not been joined in a single count, and because the alleged acts and payments were part of a transaction constituting the single continuing offense in each count. Further, there is no pertinent statute of limitations issue that warrants a finding of duplicity or a dismissal of the first three counts. Therefore, Yannessa's motion to dismiss the first three counts of the indictment will, accordingly, be denied.

An appropriate Order will be entered.