**UNITED STATES of America**

v.

**Alan HELDON, Randy Johnston, Michael Brewer.**

**Crim. No. 79–153.**

United States District Court, E. D. Pennsylvania.

Oct. 4, 1979.

---

1. Government contests are authorized by 43 C.F.R. § 4.451–1 (1978), and private contests are authorized by 43 C.F.R. § 4.450–1 (1978).

Theodore A. McKee, H. Clark Connor, III, Asst. U. S. Attys., Philadelphia, Pa., for plaintiff.

Stanford Shmukler, F. Emmet Ciccone, Jeffrey M. Miller, Philadelphia, Pa., for defendants.

## MEMORANDUM

TROUTMAN, District Judge.

On June 22, 1979, defendants were arrested pursuant to a sealed indictment, Count One of which charged each defendant with conspiracy to possess with intent to distribute and to distribute Phencyclidine (PCP), a Schedule III non-narcotic controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment further charged that the plan and purpose of the conspiracy —acquisition, possession with intent to distribute, distribution and sale for profit of PCP—began in June 1973 and continued until August 1977. Twenty-eight overt

acts, stretching in time from February 1974 until October 1975, allegedly furthered and effected the objects of the conspiracy. Counts Two through Twenty-eight included charges of possession with intent to distribute a controlled substance, distribution of a controlled substance, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a). Defendants have filed numerous motions to dismiss all or parts of the indictment.[1]

Moving to dismiss the indictment as barred by the statute of limitations, defendants contend that the statute of limitations runs from the time that the conspiracy effects its primary goal, not when the last overt act occurs or when the conspiracy actually terminates. In the instant situation the goal and purpose of the conspiracy, to manufacture and sell PCP, occurred prior to not only the last overt act but also the termination of the conspiracy. Therefore, defendants argue, several substantive offenses as well as the conspiracy itself occurred outside the permissible time period.

■ An indictment charging a non-capital offense must be returned within five years of the date of the offense. 18 U.S.C. § 3282. Where a conspiracy offense requires proof of an overt act, the statute of limitations does not begin to run until the completion of the last overt act taken in furtherance of the conspiratorial agreement. *Grunewald v. United States*, 353 U.S. 391, 396–97, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957), *United States v. Johnson*, 165 F.2d 42 (3d Cir. 1947), *cert. denied*, 332 U.S. 852, 68 S.Ct. 355, 92 L.Ed. 422 (1948), *United States v. Cerilli*, 428 F.Supp. 801, 808 (W.D. Pa.), *aff'd*, 558 F.2d 697 (3d Cir.), *cert. denied*, 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977). However, 21 U.S.C. § 846 does not require proof of any overt act to sustain a conviction thereunder. *United States v. Knuckles*, 581 F.2d 305 (2d Cir.), *cert. de-*

---

1. By order the Court denied defendants' motion to dismiss the indictment or in the alternative to grant a post-indictment preliminary hearing, to dismiss Counts One, Twenty-two and Twenty-three for lack of venue, to require inquiry under 18 U.S.C. § 3504 as to electronic or mechanical surveillance and to require the government to affirm or deny its existence in this case (moot) and to discover the identity, whereabouts and involvement of informers and co-conspirators. By order the Court also granted the government's motion to compel handwriting and handprinting exemplars.

*nied,* 439 U.S. 986, 99 S.Ct. 581, 58 L.Ed.2d 659 (1978), *United States v. Palacios,* 556 F.2d 1359 (5th Cir. 1977), *United States v. Dreyer,* 533 F.2d 112 (3d Cir. 1976), *United States v. Bermudez,* 526 F.2d 89 (2d Cir. 1975), *cert. denied,* 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976). Accordingly, the statute of limitations did not begin to run until the conspiracy actually terminated. *United States v. Grunewald, supra, United States v. Kissel,* 218 U.S. 601, 610, 31 S.Ct. 124, 54 L.Ed. 1168 (1910), *United States v. Costello,* 222 F.2d 656, 662 (2d Cir.), *cert. denied,* 350 U.S. 847, 76 S.Ct. 62, 100 L.Ed. 755 (1955). In this instance the conspiracy did not end until August 1977. A grand jury returned the indictment in June 1979, well within the five-year period. Defendants'. motion will be denied.

Defendants also move to dismiss the indictment on the grounds that the government improperly delayed indictment. Defendants' argument runs as follows. The government predicated the indictment almost entirely on evidence obtained from a state investigation and prosecution almost five years ago. The only purpose of this delay was to "lull defendants into a sense of false security, to gain a tactical advantage over them" and to obtain more evidence. The delay prejudices defendants because they are unable to account for their whereabouts during the period set forth in the indictment, to locate other witnesses who could provide exculpatory testimony and to locate alibi witnesses.

 Several considerations resist this conclusion. Even a cursory reading of the indictment discloses that none of the substantive counts and only one of the twenty-eight overt acts tangentially involves the 1974 state prosecution. Too, as noted above, the conspiracy ended in August 1977, and delay is measured from this date. Finally, pre-indictment delay rises to the level of a constitutional deprivation only when defendants show that the delay resulted in actual and substantial prejudice to their right to a fair trial and that the government intentionally delayed prosecution to gain a tactical advantage over defendants.

*United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), *United States v. Stanzione,* 466 F.Supp. 838 (E.D.N.Y.1979). *Cf. United States v. Peifer,* 474 F.Supp. 498 (E.D.Pa.1979) (defendant must demonstrate prejudice occasioned by delay between arrest and initial appearance). Except for the unadorned allegation of dimmed memories, defendants do not specify what exculpatory evidence eludes them, the names of material witnesses who cannot now be located and the substance of their testimony. Reliance on the possibility of dimmed memories, inaccessible witnesses and lost evidence without any specific factual information by which to judge whether defendants can receive a fair trial will not justify dismissing the indictment. *United States v. Marion,* 404 U.S. at 326, 92 S.Ct. 455. Without even a glimmer of insight into the proposed testimony of these witnesses

> its potential benefit or detriment to the defendants cannot accurately be evaluated. . . . (A) trier of fact might as well assume that the (unnamed witnesses) would have placed *all* of the blame on the defendants, as to assume that they would have exonerated them. In either case, the conclusions appear to us as mere speculation, which cannot serve as the grounds for a finding of actual prejudice. (emphasis added)

*United States v. Mays,* 549 F.2d 670, 679–80 (9th Cir. 1977), *United States v. Stanzione,* 466 F.Supp. at 842–43. To dismiss the indictment on defendants' unnourished allegations would in effect judicially fashion a shorter statute of limitations. Defendants' motion will be denied.

 Defendants' allegation that this federal prosecution is based "almost entirely" on the previous state criminal prosecution against defendant Heldon also forms the basis of defendants' motion to dismiss the indictment because of former prosecution. Conceding that the double jeopardy provisions of the Fifth Amendment do not preclude successive prosecutions by state and federal authorities for the same acts, *Ab-*

*bate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959), *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), defendants emphasize the "unfairness" of the federal prosecution, particularly in the absence of a compelling federal interest. As noted above, none of the substantive counts involve defendant Heldon's drug-related activities in Lackawanna and Luzerne Counties. If defendants truly considered any counts to be based on criminal activity occurring outside of this district, they would have included these counts in their motion to dismiss for lack of venue. Furthermore, the fact that only one of twenty-eight overt acts mentions the Lackawanna County incident hardly supports the inference that the federal prosecution is "virtually a second state investigation". The government has represented that it will present evidence that defendant Heldon, assisted by co-defendants Brewer and Johnston, engaged in a continuing, widespread conspiracy to distribute PCP over a large geographical area in large quantities. The substantial federal interest in controlling wholesale distribution of illegal drugs on this scale and the inability of local authorities to investigate and prosecute this activity scarcely requires comment. The "unfairness" of the federal prosecution, even by defendants' standards, is untenable. Defendants' motion will be denied.

▓▓▓▓ Finally, defendants urge dismissal of Count One of the indictment. Analysis of the overt acts suggests to defendants a multiple, not single, conspiracy. No one overt act or substantive count includes all three defendants. However, the essence of conspiracy is an agreement for an unlawful purpose between two or more persons. *United States v. Falcone,* 311 U.S. 205, 210, 61 S.Ct. 204, 85 L.Ed. 128 (1940), *United States v. DeCavalcante,* 440 F.2d 1264, 1272 (3d Cir. 1971). Where individuals make such an agreement the act of any one of them becomes the act of all. *Hyde v. United States,* 225 U.S. 347, 369, 32 S.Ct. 793, 56 L.Ed. 1114 (1912). Whether an overt act in a conspiracy count charges all co-conspirators is irrelevant, for

(t)he fact that a conspirator is not present at, or does not participate in, all of the conspiratorial activities does not, by itself, exonerate him. . . . (I)t is not necessary for each conspirator to have entered into the unlawful agreement at its inception.

*United States v. Ashley,* 555 F.2d 462, 467 (5th Cir.), *cert. denied sub nom. Leveritte v. United States,* 434 U.S. 869, 98 S.Ct. 210, 54 L.Ed.2d 147 (1977). The government has represented that at trial it will introduce testimony of several persons who had direct dealings with one or more of defendants. Some of these witnesses will testify that they were present when defendants Heldon and Johnston discussed distribution of PCP. Some witnesses will testify that they personally observed defendant Brewer receive large quantities of PCP from defendant Heldon for redistribution. Co-conspiratorial statements made in the presence of these witnesses will establish that defendants Heldon and Johnston were involved in the wholesale distribution of PCP and that defendant Brewer was one of their largest and most regular outlets within the distribution process. If proven at trial, the government will have established a general scheme to illegally distribute PCP and that each defendant entered into an agreement to further that scheme. A single conspiracy has been charged. *United States v. Kenny,* 462 F.2d 1205, 1216 (3d Cir.), *cert. denied,* 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176 (1972). Defendants' motion will be denied.

▓▓▓▓ Defendants have filed several other pre-trial motions. First, under Fed.R. Crim.P. 14, defendants move for relief from misjoinder and for a severance. Fed.R. Crim.P. 8(a) permits the joinder of two or more *offenses* in the same indictment if "the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan". Rule 8(b) allows *defendants* to be joined if "they are alleged to have participated in the same act or transaction or in the same series of acts or trans-

actions constituting an offense or offenses". Defendants argue that joinder of these charges was improper because the indictment on its face does not connect each of the substantive counts into a common scheme or plan. Defendants point to the fact that in no instance are all three defendants joined in the same overt act or substantive count of the indictment. However, so long as the evidence introduced at trial connects each of the defendants to an overall general scheme, joinder is proper. *United States v. Kenny*, 462 F.2d at 1216. *See also United States v. Boyd*, 595 F.2d 120, 123 (3d Cir. 1978) (an "agreement between co-conspirators, may continue over an extended period of time and involve numerous transactions"). The government has represented that at trial it will establish that defendants Heldon and Johnston began distributing PCP in or about June 1973 through a network of confederates including defendant Brewer. Several witnesses who either assisted Heldon and Johnston in the distribution of PCP, purchased PCP from them, or were present when transactions including defendants occurred will be called at trial. Some of these witnesses will testify that they distributed PCP to Brewer at Heldon's request; some will testify that, at the request of Heldon and Johnston jointly, they distributed PCP to persons not named in the indictment; others will testify that they distributed PCP to Brewer for resale at Heldon's request and with Johnston's knowledge and participation. Still other witnesses will testify that they were present when Heldon and Johnston had discussions regarding distribution of PCP. Having charged a single conspiracy, the government properly joined these offenses.

 Defendants further argue that joinder of the defendants was improper, and that, to avoid prejudice which will result to each defendant when evidence against the other defendants is admitted at trial, severance ought to be granted. Defendants must demonstrate that failure to grant a severance will result in "real, not fanciful" prejudice. *United States v. Segal*,

534 F.2d 578, 583 (3d Cir. 1976). Whether the jury can reasonably be expected to "compartmentalize" the evidence admitted against defendants named in a particular count without considering that as evidence of guilt against the defendants not named in that count is the controlling consideration. *United States v. DeLarosa*, 450 F.2d 1057, 1065 (3d Cir. 1971). The "mere possibility" that evidence may be admitted against one defendant which is inadmissible against the others is not alone sufficient reason to require three trials on charges based upon a closely related series of transactions, for "(t)he prospect that certain evidence will be admissible against one defendant but not against another is a feature of all joint trials". *United States v. Kenny*, 462 F.2d at 1218. The government has adduced some evidence linking each defendant to the conspiracy. Evidence of acts of one co-conspirator may well be admissible against them all. *Baker v. United States*, 131 U.S.App.D.C. 7, 401 F.2d 958, 974 (1968), *cert. denied*, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970), *United States v. Cohen*, 197 F.2d 26, 29 (3d Cir. 1952). The difficulty of compartmentalizing evidence will be proportionately reduced. Defendants have failed to demonstrate "real" prejudice. Accordingly, the interests of convenience and economy as well as the efficient administration of justice dictate that defendants, having been properly joined in one indictment, be tried together. *United States v. Kulp*, 365 F.Supp. 747, 765 (E.D. Pa.1973), *aff'd mem.*, 497 F.2d 921 (3d Cir. 1974).

 Defendants, also seeking to discover all pre-arrest[2] statements which they made to government witnesses during the course of the conspiracy, postulate that they should receive before trial all defendants' statements regardless of to whom they were made. In effect defendants seek to discover not only those statements made to known agents during the course of interrogation but also statements made by defendants during the course of the conspiracy and intended for use by the government at

---

**2.** The government represented that it elicited no post-arrest statements from defendants.

trial. Fed.R.Crim.P. 16(a)(1)(A) requires that

(u)pon request of a defendant the government shall permit the defendant to inspect and copy or photograph . . . the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person *then known to the defendant to be a government agent.* (emphasis added)

The language of the rule is clear. Unless defendants' statements to third parties were in response to interrogation by a person *then* known to defendants as a government agent, defendants are not entitled to copies thereof. Defendants have not satisfied either requirement; the requested material remains under the protection of the Jencks Act, 18 U.S.C. § 3500. *United States v. Viserto,* 596 F.2d 531, 538 (2d Cir. 1979), *United States v. Rinn,* 586 F.2d 113, 120 (9th Cir. 1978), *United States v. Zarattini,* 552 F.2d 753, 757 (7th Cir.), *cert. denied,* 431 U.S. 942, 97 S.Ct. 2661, 53 L.Ed.2d 262 (1977). *See also United States v. Azzarelli Construction Co.,* 459 F.Supp. 146, 151–52 (E.D.Ill.1978) and *United States v. Brighton Building & Maintenance Co.,* 435 F.Supp. 222, 233 (N.D.Ill.1977). Defendants' motion will be denied.

Finally, defendants move for a bill of particulars in which they seek specific times and places at which defendants possessed, distributed or conspired to possess and distribute PCP, the names of persons to whom defendants delivered PCP, whether these persons were government agents, defendants' acts and statements which furthered the conspiracy, names of persons who attended any meetings in connection therewith and any overt acts furthering the conspiracy but not specified in the indictment. The purpose of granting a bill of particulars under Fed.R.Crim.P. 7(f) is to inform the defendant of the nature of the charges against him so that he may adequately prepare a defense, to avoid surprise during trial and to protect against a second prosecution for an inadequately described offense. *United States v. Addonizio,* 451 F.2d 49, 63–64 (3d Cir.), *cert. denied,* 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812, *reh. denied,* 405 U.S. 1048, 92 S.Ct. 1309, 31 L.Ed.2d 591 (1972). However,

the defendant is not entitled, in advance, to a complete preview of the government's evidence and case or to "wholesale discovery" of the prosecutor's file. Prior to trial defendant is not entitled to know the identity of government witnesses through a motion for a bill of particulars . . . Similarly, defendant is not entitled to . . . disclosure of the government's legal theories or evidentiary details. (citations omitted)

*United States v. Peifer,* 474 F.Supp. at 501. *See also United States v. Mitchell,* 540 F.2d 1163, 1166 (3d Cir. 1976), *United States v. Armocida,* 515 F.2d 49, 54 (3d Cir.), *cert. denied sub nom. Gazal v. United States,* 423 U.S. 858, 96 S.Ct. 111, 46 L.Ed.2d 84 (1975), *United States v. Addonizio,* 451 F.2d at 64, and *United States v. Conway,* 415 F.2d 158, 162 (3d Cir. 1969), *cert. denied,* 397 U.S. 994, 90 S.Ct. 1131, 25 L.Ed.2d 401 (1970). Accordingly, defendants' motion will be denied.[3]

---

**3.** The remainder of defendants' requests can be ascertained from the indictment itself. Concerning the first four requests, the government has represented that it does not know exact dates and places other than as specified in the indictment.