**UNITED STATES of America,**

v.

**Philip SESSA.**

**Crim. A. No. 94–138–06.**

United States District Court, E.D. Pennsylvania.

May 31, 1994.

Thomas H. Lee, II, Dechert, Price & Rhoads, Frederick G. Herold, Donald M. Padova, Philadelphia, PA, for defendant.

Seth Weber, U.S. Atty.'s Office, Philadelphia, PA, for U.S.

### *MEMORANDUM/ORDER*

KATZ, District Judge.

AND NOW, this 31st day of May, 1994, upon consideration of Defendant Philip Sessa's Motion for Severance and the government's response, it is hereby **ORDERED** that defendant Sessa's Motion is **DENIED.**

Defendant Sessa asserts that he has been improperly joined in the instant Indictment under Fed.R.Crim.P. 8(b) and, as such, severance is required. Alternatively, defendant Sessa argues that he is entitled to severance under Fed.R.Crim.P. 14 because he is seriously prejudiced by the joinder.

The instant Indictment charges six defendants with fifty-five (55) counts.[1] Defendant Sessa is charged in one count of the Indictment, Count 52. Count 52 charges defendant Sessa with making false declarations before the grand jury. Defendant Sessa is charged with making false statements re-

---

1. The fifty-five count Indictment includes two (2) counts of RICO, thirty-nine (39) counts of mail fraud, one (1) count of bankruptcy fraud, six (6) counts of making false statements to a United States Bankruptcy Court, five (5) counts of mak-
ing false declarations before a grand jury, one (1) count of obstruction of justice and one (1) count of threatening to kill a federal law enforcement officer.

garding the purchase, ownership and control of a 1966 Ford Mustang. Indictment pp. 78–81. Specifically, the Indictment charges that defendant Sessa falsely testified when he stated to the grand jury that: (a) he was the owner of the 1966 Ford; (b) he purchased the vehicle; and, (c) the 1966 Ford was registered in his name without influence by defendant Galati. *Id.* at 80–81. The Indictment further charges that the 1966 Ford was, in fact, in the custody and control of defendant Galati and not defendant Sessa and that defendant Galati instructed defendant Sessa to register the car in defendant Sessa's name. *Id.* at 81. The Indictment suggests that defendant Sessa's allegedly perjurious statements were intended to impede the government's investigation of defendants named and offenses charged in the instant Indictment. *Id.* at 57, 79–81.

 Fed.R.Crim.P. 8(b) provides that "[t]wo or more defendants may be charged in the same indictment ... if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." The rule also provides that defendants may be charged in one or more counts separately and all defendants need not be charged in each count. Fed.R.Crim.P. 8(b). Severance is not required where the offenses joined in the indictment constitute a single series of acts or transactions. *United States v. Somers,* 496 F.2d 723, 730 (3d Cir.), *cert. denied,* 419 U.S. 832, 95 S.Ct. 56, 42 L.Ed.2d 58 (1974). Here, the Indictment suggests the existence of an overall scheme encompassing all defendants and all charged offenses. *See United States v. Bledsoe,* 674 F.2d 647, 656–57 (8th Cir.1982). The perjury count against defendant Sessa appears closely related to other offenses charged in the Indictment, and these counts may be proved jointly by the same facts at trial. *United States v. Cohen,* 444 F.Supp. 1314, 1317 (E.D.Pa.1978) (perjury counts directly related to charged pattern of systematic extortion activity because perjury occurred in connection with grand jury's investigation of extortion). The allegedly false statements of defendant Sessa charged in Count 52 appear to arise out of the same series of transactions as the other counts of the Indictment in that the perjury

was allegedly directed at concealing the existence of certain criminal acts with respect to the other counts and, accordingly, joinder pursuant to Rule 8(b) is proper. *Id.; United States v. DePalma,* 461 F.Supp. 778, 791 (S.D.N.Y.1978).

■ Severance pursuant to Fed.R.Crim.P. 14 is not appropriate. Defendant Sessa has not made a sufficient showing of inconsistent, mutually exclusive or truly antagonistic defenses. *See United States v. Sandini,* 888 F.2d 300, 306 (3d Cir.1989), *cert. denied,* 494 U.S. 1089, 110 S.Ct. 1831, 108 L.Ed.2d 959 (1990). Nor is there a sufficient showing of prejudice to defendant Sessa if joinder is maintained. *See United States v. McGlory,* 968 F.2d 309, 340 (3d Cir.) ("The introduction of evidence more damaging to one defendant than another does not entitle the seemingly less culpable defendant to a severance."), *cert. denied,* — U.S. —, 113 S.Ct. 415, 121 L.Ed.2d 339 (1992). The court expects that the jury can reasonably be expected to compartmentalize the evidence against each defendant. *Id.; see also United States v. Eufrasio,* 935 F.2d 553, 568 (3d Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 340, 116 L.Ed.2d 280 (1991).